UNITED  STATES  DISRICT  COURT
FOR THE DISTRICT OF COLUMBIA


UNITED STATES OF AMERICA


v.                                                       21-cr-585 CRC


JAMES D. RAHM III


DEFENDANT'S MEMORANDUM IN SUPPORT OF PROBATION


James Rahm III, through counsel, Heather Shaner, joins the Office of United States Probation in requesting this Honorable Court impose a non-custodial sentence.   Abby Wichlinski, United States Probation Officer, recommends a sentence of two years probation.  She states in relevant part:

"  [A] sentence of probation is believed to be sufficient, but not greater than necessary, to achieve the goals of sentencing pursuant to 18 U.S.C. § 3553(a). Mr. Rahm was cooperative with investigators and accepted responsibility for his conduct in the instant offense. As previously noted, the defendant has lived an otherwise law-abiding life. Finally, Mr. Rahm has remained compliant while on pretrial release. A sentence of probation will

allow the defendant to maintain employment, complete volunteer work, and make restitution payments. "  [Doc. 61]

James Rahm III is a moral, compassionate, respectable young adult who placed himself at the Capitol on January 6, 2021 for non-political reasons. Just as I was mesmerized by what I saw on television on January 6th, 2021, and stayed in front of the screen for hours that day, so too was James riveted, watching the unique and historic crowd around him, as he viewed the events through the lens of his go-pro camera.

As the Government acknowledged in the Statement of Offense, Rahm, III entered the Capitol to film the riot with a Go-Pro camera. While he knew that his presence in the Capitol would impede or disrupt the orderly conduct of Congress and assist others with that intent, his motivation was to film an historic video, not to promote an insurrection.

James understood the enormity of what was taking place before his eyes and he wanted to film it. His footage has been of use to the FBI. He was away from home, on a snow boarding trip, when the FBI searched his home.  As soon as he had contact information for law enforcement, he called the agents, met with them and provided all his video footage to the Government.  His material was of such high quality, it has been used by the Government to identify and to prosecute other persons who participated in

2

the insurrection.  I personally have received videos labeled "Rahm" in the discovery turned over by the DoJ, in my representation of other, unrelated, January 6th defendants.

In 2021 James participated in voluntary interviews with the FBI.  He gave the agents the codes for his cellphone and for his computer.  On March 4, 2022 he voluntarily testified as a witness for Investigator Childress and other Congressional Investigators, during a two hour Zoom interview with the House Select Committee to Investigate the Events of January 6th, 2021. The transcript of the interview is provided.  Att. 1.

James has been a distinctive client because he is educated, intelligent honest, cooperative, funny  and of high moral character.  He has read every book I suggested. He has provided book reports on four of the many books he has read. <u>Maus</u> by Art Spiegleman; <u>March,</u> by John Lewis; <u>Just Mercy,</u> by Bryan Stevenson; and <u>Common Sense,</u> by Thomas Paine. Att. 2,3,4,5. He watched much of the House Committee Hearings and discussed them with me.  He sent me an Autobiography more than a year ago as well as his ruminations of how he ended up as a participant in the events at the Capitol. Att. 6-7.

He also wrote a lengthy, personal letter to the Court.  Att.8.  I have also attached letters from family and friends.  Att.9

Normally I draft a long Sentencing Memorandum to the Court addressing the 18 USC 3553 considerations for sentencing.  JD has given the Court most of that information in his  autobiography and his letters to the Court. So,  I will be brief.

James was initially charged wih a felony.  It was only after a year of pleading, persuading, reviewing videos and transcripts with the Government, was I able to  finally convince the Government, that his conduct was a minor offense. In October of 2023,  he was given the opportunity to enter a plea to a misdemeanor.  On October 10, 2023, he pled guilty to one count of a five-count Second Superseding Indictment. Count 3 charged Disorderly or Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2).  He accepted the plea to a misdemeanor the day it was offered to him by the Government.  So in that sense it is an "early plea."  The defendant, his family and I are grateful to AUSA Collyer and to his supervisor Greg Rosen, for patiently reviewing the evidence, videos, letters in support of James  and the transcript of his testimony before the House Select Committee. We are thankful to not suffer the collateral consequences of a felony conviction.

The Office of U.S. Probation, Abby Wichlinski, conducted a thorough investigation of James.  Her recommendation of a non custodial sentence of  two years probation was the result of her comparison of James' conduct with the conduct of other individuals charged with 18 U.S.C. §1752(a)(2). She interviewed family and friends and conducted a careful background investigation.    Her Sentencing calculations reflect adjustments for Acceptance of Responsibility and the Zero Point Offender Adjustment.  The total offense level is 6. Her report reflects the absence of any juvenile or adult criminal history.   There are no arrests, no traffic infractions, nor any other excluded convictions.

PO Wichlinski notes his academic achievements throughout school and at LaSalle University.   "Mr. Rahm attended Catholic school throughout his entire life, beginning in preschool. Defendant explained his grade school was one of the best schools in the area, and his high school was better than the public schools. The defendant participated in sports including soccer, baseball, basketball, and golf. He also attended summer camps and participated in the surf team for approximately one year." She verified and credited his lifetime of community service.  "Regarding volunteer activities, the defendant volunteered at local food banks while in high school and college. He was also the head coach of an inner-city little league team.

Defendant explained he was more a mentor for the kids and assisted them through life challenges. Mr. Rahm's team won a championship, and he was deemed "Coach of the Year." Additionally, the defendant volunteered at an organization that provided gifts to less fortunate families. Every Christmas, he wrapped gifts for approximately two weeks in a warehouse. "

Under the U.S. Sentencing Guidelines, with a final Offense Level of 6 and Zero Criminal History Points, James is in Zone A of the U.S. Sentencing Guidelines and is eligible for a Sentence of Probation. A sentence of probation is sufficient, but not greater than necessary, to achieve the goals of sentencing pursuant to 18 U.S.C. § 3553(a).

WHEREFORE, we request a Sentence of Probation, with payment of $500.00 restitution and $25.00 in Court Costs. Should the Court wish JD Rahm III to perform Community Service, of course James will continue to strive to make his Community a better place.

Respectfully submitted,

_____/s/_____

H. Heather Shaner, #273276
Appointed by the Court for
James D. Rahm III
1702 S Street N.W.
Washington, D.C. 20009
Tel. 202 265 8210
hhsesq@aol.com